UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 25-47-DLB

VIMALKUMAR TRIVEDI                                                                  PETITIONER

v.                    MEMORANDUM OPINION AND ORDER

CHRISTOPHER ENTZEL, Warden                                                RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Vimalkumar Trivedi has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. # 1).  Trivedi contends that the Bureau of Prisons has improperly refused to award him sentence credits under First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) for the nine-month period after his sentence was imposed but before he first arrived at a federal prison.  *See* (Doc. # 1-1).

The Court must screen the petition pursuant to 28 U.S.C. § 2243.  *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Trivedi's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a

1

liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In March 2021, Trivedi was charged with mail fraud and related offenses arising from his impersonation of a federal law enforcement officer and his successful efforts to dupe more than sixty victims out of more than one million dollars in cash.  In January 2023 Trivedi reached an agreement with the government to plead guilty to several offenses.  On August 4, 2023, the trial court sentenced Trivedi to 46 months imprisonment.  *See United States v. Trivedi*, No. 1:21-CRF-128-1 (S.D. Ind. 2021) (Doc. # 1, 50, 67 therein).

Trivedi was free on bond before his sentence was imposed.  *See* (Doc. # 14, # 58 therein).  Upon sentencing, Trivedi was taken into custody and held at a local jail.  *See* (Doc. # 1-1 at 3).  He remained there for nine months until May 1, 2024, when he was transferred to the Federal Correctional Institution at Ashland, Kentucky.  *See id*.  After his arrival at FCI-Ashland - but not before - Trivedi engaged in rehabilitative programming as required to earn credits against his sentence under the FSA.

In his petition, Trivedi argues that he should have been awarded time credits under the FSA from the moment he entered federal custody.  The fact that he was not held at a federal facility where he could partake of the federal programming required to earn such credits was a circumstance outside of his control.  He therefore argues that he should be awarded credits for the nine-month period before he entered federal prison.  *See* (Doc. # 1-1 at 7-8).  The BOP disagreed, noting that which specific programs qualify for credit for a particular prisoner cannot be identified until he receives an individualized risk and needs

2

assessment, an event that cannot occur until the inmate arrives at a federal prison. *See* (Doc. # 1-3 at 8). The Court agrees with the BOP.

The FSA allows eligible inmates to earn credit towards pre-release custody or early transfer to supervised release, but only if they participate in and successfully complete productive activities ("PAs") or evidence-based recidivism reduction ("EBBR") training. *See* 18 U.S.C. § 3632(d)(4)(A)(i), (C); 28 C.F.R. § 523.40(b). Generally speaking, "successful participation" requires, at a minimum, actual participation. 28 C.F.R. § 523.41(c)(2). There are regulatory exceptions, such as where the BOP temporarily suspends prison operations or itself interrupts the EBBR programming. In such cases, the inmate is still considered to be successfully participating. *See* 28 C.F.R. § 523.41(c)(3). Conversely, by regulation the BOP has established a non-exclusive list of circumstances where an inmate is generally ***not*** considered to be successfully participating. *See* 28 C.F.R. § 523.41(c)(4). Pertinent here, these include "[d]esignation status outside the institution (e.g., for extended medical placement in a hospital or outside institution, an escorted trip, a furlough, etc.)." *See* 28 C.F.R. § 523.41(c)(4)(ii).

The BOP properly held that Trivedi could not earn FSA credits before he even arrived at a federal prison where the required programming was offered. *See* BOP Program Statement 5410.01, § 6, p. 10 (Mar. 10, 2023) ("an inmate cannot earn FTC when not in Bureau custody, including when in U.S. Marshals Service custody prior to arriving at their designated facility, regardless of where they are housed."). By its terms, Section 3632(d)(4)(A) requires a prisoner to successfully complete EBBR programming or PAs to earn FSA credit. Eligibility alone is not enough: "despite being eligible to earn FTCs, there are situations where an inmate is unable or unwilling to participate in [EBBR

3

or PA] and therefore cannot earn FTCs," including "designation status outside the institution ..."  See id. at p. 11.

Courts have therefore consistently upheld the BOP's decision to deny FSA credits to inmates who were unable to complete the required PAs or EBBR training because they were in temporarily outside the prison walls.  See *White v. Warden, Fed. Corr. Inst. - Cumberland*, No. 22-CV-2371-DKC, 2023 WL 4867562, at *8-9 (D. Md. July 31, 2023) (holding under *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984) that 28 C.F.R. § 523.41(c)(4)(ii) is a valid regulation disallowing FSA credits for federal inmates in transit status); see also *Smith v. Eischen*, No. 22-CV-1704 (NEB/DJF), 2023 WL 4203165, at *1 (D. Minn. June 27, 2023) ("Eligible inmates are not 'successfully participating' in programming when they are in transit to 'the custody of another Federal or non-Federal government agency.'"); *Yanagihara v. Derr*, No. 22-CV-145-JAO-RT, 2023 WL 2163685, at *5 (D. Haw. Feb. 22, 2023); *Caudillo v. Carter*, No. 22-CV-01265-CNS, 2022 WL 17454446, at *4 (D. Colo. Dec. 6, 2022); *Mohammed v. Warden Stover, FCI Danbury*, No. 3:23-CV-757 (SVN), 2023 WL 7300592, at *3 (D. Conn. Nov. 6, 2023); *Alvarez v. Cox*, No. 2:23-CV-00018, 2023 WL 9110918, at *4 (S.D. Tex. Nov. 3, 2023), *report and recommendation adopted*, 2024 WL 69079 (S.D. Tex. Jan. 5, 2024); *Cabebe v. Derr*, No. 22-CV-496 SOM-KJM, 2023 WL 2713652, at *2 (D. Haw. Mar. 30, 2023).  The Court concurs with the reasoning in these cases and concludes that the BOP acted properly and in full conformity with the First Step Act when denying Trivedi FSA credits before he arrived at FCI Ashland.

Accordingly, it is **ORDERED** that Vimalkumar Trivedi's petition for a writ of habeas corpus (Doc. # 1) is **DENIED** and that this matter is **STRICKEN** from the docket.

4

This 21st day of April 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Trivedi 0-25-47 Memorandum.docx